

# Fourth Court of Appeals
## San Antonio, Texas

Tuesday, April 21, 2015

No. 04-15-00171-CR

Dominique Martez **REED**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0009
Honorable Ron Rangel, Judge Presiding

## O R D E R

Appellant entered into a plea bargain with the State, pursuant to which appellant pleaded guilty to the offense of murder. Under the plea agreement, the State agreed to withdraw Count I of the indictment — capital murder — and proceed only on Count II — murder — thereby effectively agreeing to limit the possible sentence and rendering the agreement as one relating to punishment for purposes of Rule 25.2 of the Texas Rules of Appellate Procedure. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *see also* TEX. R. APP. P. 25.2(a).

The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2); *see also Shankle*, 119 S.W.3d at 813. Appellant timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*.

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2); *see also Shankle*, 119 S.W.3d at 813. The record also appears to support the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate); *see also Shankle*, 119 S.W.3d at 813.

Appellant is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record by **May 21, 2015**. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines are suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of April, 2015.

_____
Keith E. Hottle
Clerk of Court